# UNITED STATES of America

v.

# Raheian PRESLEY, Appellant.

## No. 05–3307.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) June 15, 2006.

Filed June 21, 2006.

Jose R. Arteaga, Office of United States Attorney, Philadelphia, PA, for Appellee.

Elaine Demasse, Defender Association of Philadelphia, Federal Court Division, Philadelphia, PA, for Appellant.

---

Before FISHER, CHAGARES and REAVLEY,* Circuit Judges.

## OPINION OF THE COURT

CHAGARES, Circuit Judge.

Raheian Presley committed nine bank robberies prior to the Supreme Court of the United States' decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). After he was apprehended, Presley pleaded guilty to nine counts of bank robbery and the district court sentenced him to 133 months in federal prison. On appeal, Presley contends, *inter alia*, that the *ex post facto* principle implicit in the Due Process Clause of the Fifth Amendment prevents the application of *Booker's* remedial holding to his pre-*Booker* conduct. For the reasons that follow, we affirm.

### I.

Between July 2003 and April 2004, Presley committed nine bank robberies in the City of Philadelphia. After his ninth heist, a teller provided police with a description of the perpetrator, and Presley was arrested shortly thereafter. Presley was later charged with nine counts of bank robbery. *See* 18 U.S.C. § 2113(a).

Presley pleaded guilty to all nine counts. At sentencing, the district court calculated the advisory Guidelines by finding facts regarding Presley's criminal history that were not admitted in the guilty plea. Specifically, the court found that Presley had prior convictions for felony drug trafficking and carjacking. On that basis, it treated Presley as a career offender pursuant to U.S.S.G. § 4B.1.1. This produced a sentencing range of 151 to 188 months. The court then considered this advisory range and other factors relevant to sentencing. After accounting for a consecutive "backtime" sentence from the Pennsylvania state authorities, the district court imposed a sentence of 133 months. Presley now appeals.

### II.

Presley argues that because he committed his crimes prior to the Supreme Court's decision in *Booker, ex post facto* principles prevent the application of Justice Breyer's remedial opinion here. Our Court recently rejected this precise argument in *United States v. Pennavaria*, 445 F.3d 720 (3d Cir.2006). Our decision recognized that the Supreme Court in *Booker* explicitly directed that its holdings be applied to all cases on direct review. *Id.* at 723 (citing *Booker*, 543 U.S. at 268, 125 S.Ct. 738). This case is on direct review and, accordingly, *Booker* will be applied.

Presley's *ex post facto* argument also fails under *Pennavaria* because he had fair warning that his crimes were punishable by a prison term of up to twenty years under 18 U.S.C. § 2113(a). *See id.* Further, in *Pennavaria* we held that a defendant who engaged in criminal conduct prior to *Booker* "had fair warning that his sentence could be enhanced based on judge-found facts as long as the sentence did not exceed the statutory maximum." *Id.* at 723–24. Presley's 133–month sentence did not exceed the statutory maximum and, thus, did not offend the *ex post facto* principle implicit in the Due Process Clause.

### III.

Because Presley's *ex post facto* argument fails, we need not address his conten-

---

* The Honorable Thomas M. Reavley, United States Circuit Judge for the Fifth Circuit, sitting by designation.

tion that *Booker* (shorn of its remedy) and *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), prevent the application of a career-offender enhancement in this case.

## IV.

Based on the foregoing, we will affirm the district court's judgment.